Order filed February 24,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00138-CR

                                                    __________

 

                             ROGER
DALE BRECHEEN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 23302A

 



 

                                                                     O
R D E R

            Upon
his plea of not guilty, the jury convicted Roger Dale Brecheen of murder and
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of forty-eight years.  We abate
the appeal and remand to the trial court for appointment of new appellate
counsel.  

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel asserts that he has professionally and
conscientiously examined the record and applicable law and that he has
concluded that the appeal is frivolous.  Counsel has provided appellant with a
copy of the brief and advised appellant of his right to review the record and
file a response to counsel’s brief.  It appears that court-appointed counsel
has attempted to comply with the requirements of Anders v. California,
386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex. Crim.
App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d 173 (Tex.
App.—Eastland 2005, no pet.).

Appellant
has filed a pro se response contesting court-appointed counsel’s assertion that
the appeal is frivolous.  Among other things, appellant contests the
sufficiency of the evidence supporting his conviction.  He also asserts various
constitutional and statutory violations and a potential error in the court’s
charge.  In addressing an Anders brief and a pro
se response, a court of appeals may only determine (1) that the appeal is
wholly frivolous and issue an opinion explaining that it has reviewed the
record and found no reversible error or (2) that arguable grounds for appeal
exist and remand the cause to the trial court so that new counsel may be
appointed to brief the issues.  Schulman, 252 S.W.3d 403; Bledsoe v.
State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Following the procedures outlined in Anders and Schulman, we have
independently re-viewed the record, and we disagree with court-appointed
counsel’s conclusion that an appeal would be frivolous. We note that the
guilt/innocence phase of trial spanned three days.  We additionally note that
court-appointed counsel listed three potential issues that could be raised
without any explanation of why the presentation of these potential issues would
be frivolous.

            Accordingly,
we grant counsel’s motion to withdraw, abate this proceeding, and remand the
case to the trial court for appointment of new appellate counsel.  See
Bledsoe, 178 S.W.3d at 826-27.  We direct the trial court to appoint new
counsel to represent appellant on appeal. The trial court shall furnish the
name, address, telephone number, and state bar number of new counsel by its
order appointing new counsel. The order shall be included in a supplemental
clerk’s record, which shall be filed with the clerk of this court by March 28,
2011.  Appellant’s brief shall be due thirty days from the date of the trial
court’s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure.  By this order, we
express no opinion on the merits of any issues or potential issues the record
may present.

The
motion to withdraw is granted, the appeal is abated, and the cause is remanded
to the trial court in accordance with this order.

 

                                                                              

                                                                                    PER
CURIAM

 

February 24,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.